IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ABIGAIL FRUMP by and through | ) | |
| her next friend | ) | |
| ANITA AUBUCHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-1106-CV-W-SWH |
| | ) | |
| CLAIRE'S BOUTIQUES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the Court on Plaintiff's Motion for Remand to State Court (doc. #7). Defendant opposes the motion (doc. #9). At issue is whether the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied so that the Court may assert jurisdiction over the case or whether it must be remanded to state court. For the reasons set forth herein, the motion to remand is denied.

I. BACKGROUND

On September 22, 2010, plaintiff filed a three count Petition in the Circuit Court of Jackson County, Missouri. (Doc. #1-1) The Petition alleges that on or about April 18, 2009, plaintiff, a minor, was shopping at the Claire's store located at the Oak Park Mall in Overland Park, Kansas, and was accused of theft. (Doc. #1-1 at ¶¶ 7-16) Plaintiff alleges that a Claire's employee would not let plaintiff and the girls she was with leave the store. (Doc. #1-1 at ¶ 13) The Overland Park Police Department was called and plaintiff was issued a citation for theft as well as a citation directing that she not return to Oak Park Mall for one year. (Doc. #1-1 at ¶¶ 17-18) Plaintiff was later charged with a Class A Misdemeanor which was subsequently dismissed. (Doc. #1-1 at ¶¶ 26-

27) Plaintiff alleges that numerous people were present who witnessed the event and who laughed and pointed at plaintiff. (Doc. #1-1 at ¶ 19) The Petition alleges false imprisonment (Count I); negligent supervision (Count II); and malicious prosecution (Count III). (Doc. #1-1) As a result of defendant's actions, plaintiff alleges she experienced mental suffering, injury to feelings, injury to reputation, embarrassment, humiliation, fear, indignity, disgrace, stress and loss of liberty. (Doc. #1-1 at ¶ 30) For each count, plaintiff prays for actual damages in excess of $25,000, for reasonable punitive or exemplary damages against defendant, interest, attorney's fees, costs and for such other relief as the Court deems just and proper. (Doc. #1-1)

On November 5, 2010, defendant removed this case to federal court claiming jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000. (Defendant Claire's Boutiques, Inc.'s Notice of Removal, doc. #1) Thereafter, plaintiff requested that the case be remanded to state court because "as of the day of filing this Motion for Remand, all known damages are less than $75,001." (Doc. #7 at ¶ 4) Defendant opposes the motion arguing that the petition clearly states damages which could exceed $75,000. (Doc. #9 at 2)

## II. LEGAL STANDARDS FOR DETERMINING THE AMOUNT IN CONTROVERSY

A defendant may remove an action from state court to federal court if the action is within the court's original jurisdiction. 28 U.S.C. § 1441(a). Here, defendant removed the case on the basis of diversity jurisdiction. Diversity jurisdiction exists where there is (1) complete diversity of citizenship and (2) the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In this case, there is no dispute that there is complete

diversity of citizenship between the parties.[1] The issue is whether the amount in controversy exceeds the $75,000 statutory requirement.

The starting point for analyzing whether the jurisdictional limit is satisfied is the Supreme Court's decision in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938):

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, <u>the sum claimed by the plaintiff controls if the claim is apparently made in good faith</u>. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

(emphasis added)(footnotes omitted). See, e.g., Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961)(the general federal rule is to decide the amount in controversy from the complaint itself). Following this directive, numerous courts have held that "when the amount in controversy claimed in the plaintiff's state court complaint exceeds $75,000, the complaint generally is determinative of the amount in controversy for purposes of federal jurisdiction upon removal." 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3725.1 (4th ed. 2009)(see cases compiled at n.6).

If, after the removal of an action to federal court, the plaintiff seeks a remand to state court,

---

[1] Defendant's removal notice alleges that plaintiff is a Missouri resident and that Claire's Boutiques, Inc. is a Colorado corporation with its principal place of business in Florida. (Doc. #1 at ¶ 2) The Petition, likewise, alleges that plaintiff resides in Missouri and that defendant is a Colorado corporation. (Doc. #1-1 at ¶¶ 1 and 3)

3

the defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. See In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir.), cert. denied, 131 S.Ct. 474 (2010). Any doubt about the court's removal jurisdiction should be resolved in favor of a remand to state court. See In re Bus. Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

A. Determining the Amount of Compensatory Damages

Plaintiff alleges that her petition does nothing more than set forth the jurisdictional requirement for circuit court jurisdiction, and thus, defendant has not demonstrated that the federal jurisdictional amount requirement has been satisfied. (Doc. #7 at 2) Rule 55.05 of the Missouri Rules of Civil Procedure prohibits pleading a specific dollar amount in tort actions except as is necessary to determine the proper jurisdictional authority. The Missouri pleading rules further require that every filing be signed an at least one attorney of record. See Mo. R. Civ. P. 55.03(a). The signature is the attorney's representation to the court that the claim is not presented for an improper purpose, that the claims are warranted by existing law and that the allegations have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation. See Mo. R. Civ. P. 55.03(c). Thus, while counsel may have been required to plead that the claim involved an amount either above or below the $25,000 amount which divides circuit from associate circuit jurisdiction, the decision to plead damages in excess of $25,000 is counsel's representation of the value of the case, based upon counsel's knowledge at the time the petition was filed, and cannot be ignored.

Plaintiff has three claims against defendant, each seeking an amount in excess of $25,000 for actual damages and, in addition, punitive damages, costs and attorney's fees. When separate claims

4

are brought by a sole plaintiff against a sole defendant, as in this case, the totality of the claims is the determining jurisdictional factor rather than the damages set forth in each claim. See 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3725.3 (4th ed. 2009)(see cases compiled at n.1). See also Suber v. Chrysler Corp., 104 F.3d 578, 588 (3rd Cir. 1997)(general rule is that claims brought by single plaintiff against single defendant can be aggregated when calculating amount in controversy citing Snyder v. Harris, 394 U.S. 332, 335 (1969)); Rake v. City Lumber Co. of Bridgeport, 283 F. Supp. 870, 872 (D. Or. 1967) (discussion of aggregation in context of action filed in federal court initially).

However, when aggregating claims to determine if more than $75,000 is at issue, the court may not aggregate claims that merely assert different theories of recovery for the same damages. In Powers v. FMC Corp., 155 F.Supp.2d 307, 309 (E.D. Pa. 2001), the four-count complaint brought by two plaintiffs sought recovery in each count for compensatory damages in excess of $50,000, as well as punitive damages. In filing a notice of removal, the defendant stated that the complaint in the aggregate sought damages in excess of $200,000. Id. As to the first three counts, the court found they pled three different theories of recovery (negligence, strict liability and breach of warranty) for the same damages alleged to have been sustained by Richard Powers. Id. at 310. However, the fourth count sought compensatory damages for Mr. Powers' wife for loss of consortium in an amount in excess of $50,000. Id. In determining the amount in controversy, the court aggregated Mr. Powers' claim for damages in excess of $50,000 from the first three counts with Mrs. Powers' claim for damages in excess of $50,000 and concluded that the amount in controversy, determined from the complaint, was in excess of $100,000, thus satisfying the jurisdictional amount requirement. Id.

Similarly, in Connolly v. Volvo Trucks North America, Inc., 208 F.R.D. 600 (N.D. Ill. 2002),

the district court denied a motion to remand in which the plaintiff alleged that the $75,000 jurisdictional requirement had not been satisfied. In Connolly, plaintiff's three-count complaint sought damages for the pain and suffering of the decedent prior to his death, wrongful death compensation for the decedent's survivors and damages to compensate the plaintiff for medical, hospital and funeral expenses. Id. Each count sought damages in excess of $50,000. Id. Because each claim had its own basis for damages, the court found that the claims alleged could be aggregated for a total of $150,000, an amount in excess of the $75,000 jurisdictional requirement. Id. at 601. See also Holmes v. Boehringer Ingelheim Pharm., Inc., 158 F.Supp.2d 866, 868 (N.D. Ill. 2001) (claims of negligence and strict liability are merely different bases for single recovery and cannot be aggregated for determining diversity jurisdiction).

In the circumstances of this case, the claims for false imprisonment[2] and malicious prosecution[3] can clearly be aggregated as each claim has an independent basis for damages. These claims are not merely different theories of recovery for the same damages. Each claim relies on different facts and the damages sought arise out of different actions taken at different time periods. The false imprisonment claim arises out of events occurring at the store on April 18, 2009, when plaintiff alleges she was called back into the store and was not allowed to leave for a period of at least ninety minutes following which she was required to provide information and be photographed by

---

[2]A false arrest occurs when there is confinement without legal justification. The elements of a false arrest claim are the restraint of a plaintiff against her will and the unlawfulness of the restraint. See Bramon v. U-Haul, Inc., 945 S.W.2d 676, 680 (Mo. Ct. App. 1997); M.A.I. 23.04.

[3]In an action for malicious prosecution, a plaintiff must plead and prove: (1) commencement of a prosecution against the plaintiff; (2) instigated by the defendant; (3) termination of the prosecution in favor of the plaintiff; (4) lack of probable cause for the prosecution; (5) the defendant's conduct was actuated by malice; and (6) the plaintiff was damaged. See Bramon v. U-Haul, Inc., 945 S.W.2d 767, 684 (Mo. Ct. App. 1997); M.A.I. 23.07.

6

both the Overland Park Police Department and mall security. (Doc. #1-1 at ¶¶ 10-18, 24 and 25) The malicious prosecution claim arises out of the misdemeanor charges that were ultimately dismissed. (Doc. #1-1 at ¶¶ 26 and 27) Other courts have allowed plaintiffs to recover separate damages for false imprisonment and malicious prosecution claims. See, e.g., Martinez v. The Port Auth. of New York and New Jersey, 445 F.3d 158, 161 (2nd Cir. 2006)("in upholding separate damage awards for the emotional injuries that plaintiff sustained with respect to his false arrest and malicious prosecution claims, the District Court did not sanction the awarding of duplicative compensatory damage awards").

While Missouri courts have recognized a cause of action for negligent supervision,[4] it would appear that this would provide an alternative theory on which to recover the same damages sought under the false imprisonment and, possibly, the malicious prosecution claims. Thus, based on the face of the Petition, plaintiff has alleged actual damages in excess of $25,000 for each count, which damages may be aggregated as to at least two of the counts, for a total claim in excess of $50,000 in actual damages.

  B. <u>Determining the Amount of Punitive Damages</u>

In addition to the claims for actual damages, plaintiff claims punitive damages under each theory of recovery. Punitive damages are included in determining the amount in controversy, unless it is apparent to a legal certainty that punitive damages may not be recovered. See Hayes v. Equitable

---

[4]Negligent supervision is a variant of the common law tort of negligence which requires a plaintiff to plead and prove: (1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property. See Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc., 700 S.W.2d 426, 431 (Mo. banc 1985); G.E.T. ex rel. T.T. v. Barron, 4 S.W.3d 622, 624 (Mo. Ct. App. 1999).

Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001). The court explained this general principle in Miller v. Progressive Casualty Insurance Co. 2008 WL 1774085, *2 (M.D. Pa. Apr. 17, 2008):

> In calculating the jurisdictional amount, "[c]laims for punitive damages may be aggregated with claims for compensatory damages unless the former are 'patently frivolous and without foundation.'" [Golden v. Golden, 382 F.3d 348, 355 (3rd Cir. 2004)](quoting Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3rd Cir.1993)). Such claims "are per se 'patently frivolous and without foundation' if they are unavailable as a matter of state substantive law." Id. If a plaintiff has authority under state law to seek punitive damages, however, the claim "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Id.

Causes of action for malicious prosecution and false arrest or imprisonment are intentional torts supporting the submission of punitive damages on these claims. See Redican v. K Mart Corp., 734 S.W.2d 864, 870 (Mo. Ct. App. 1987)(affirming award of compensatory and punitive damages on false imprisonment claim and reversing for new trial on both compensatory and punitive damages with regard to malicious prosecution claim). The issue then is how to value plaintiff's punitive damage claims for the purpose of determining whether the jurisdictional amount requirement is met.

In Kopp v. Kopp, 280 F.3d 883 (8th Cir. 2002), the Eighth Circuit found the plaintiff's allegations of damages satisfied the federal jurisdictional requirements and reversed the trial court's decision that the amount in controversy did not exceed 75,000. In Kopp, the plaintiff sued her ex-husband under state tort law for his actions in attacking and restraining her.[5] Id. at 884. The plaintiff's medical bills fell well below the $75,000 jurisdictional amount requirement of 28 U.S.C. § 1332(a); however, the plaintiff claimed that she could recover punitive damages and damages for emotional distress in excess of $75,000. Id. In determining that federal jurisdiction was present, the

---

[5]Plaintiff's claim under the Violence Against Women Act of 1994 was dismissed leaving only the state tort action which required the plaintiff to establish the requirements of 28 U.S.C. 1332(a).

8

Eighth Circuit found that there were no statutory or judicially created limits on punitive damages or damages for emotional distress and that an award in excess of $75,000 would not have to be set aside as "so 'grossly excessive' as to violate the due process clause of the United States Constitution." Id. at 886.

The Supreme Court has been reluctant to establish a concrete constitutional limit on the ratio between harm, or potential harm, to a plaintiff and a punitive damage award. However, the Court has commented that: "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003). Thus, a number of courts have looked at the ratio between the alleged punitive damages and compensatory damages in determining if the jurisdictional requirements of 28 U.S.C. § 1332(a) are satisfied. For example, in Thomas v. National Legal Professional Associates, 594 F.Supp.2d 31, 32-33 (D.D.C. 2009), the plaintiff proceeding pro se sought $10,000 in compensatory damages and $90,000 in punitive damages arising from the defendant's post-conviction legal representation of him. The defendant challenged the jurisdiction of the court claiming that less than $75,000 was at issue. Id. at 33. The defendant argued that given the plaintiff's acknowledgment that only $10,000 in compensatory damages was at issue, the plaintiff would have to claim a right to $65,000 in punitive damages or 6.5 times compensatory damages for federal jurisdiction to be proper. Id. In light of the Supreme Court's statements in Campbell, the court refused to find with "legal certainty" that a ratio of 6.5 to 1 between the claimed punitive and compensatory damages violated due process. Thus, the court rejected the defendant's claim that federal jurisdiction was lacking. Id. at 34-35. See also McQueen v. Woodstream Corp., 672 F.Supp.2d 84, 91-92 (D.D.C. 2009)(plaintiff could not meet amount in controversy requirement on

9

a ratio of punitive to compensatory damages of 5000 to 1); Hunter v. District of Columbia, 384 F.Supp.2d 257, 261 (D.D.C. 2005)(plaintiff could not meet amount in controversy requirement based on a 13 to 1 punitive damage ratio).

In the context of a motion to remand alleging that the amount in controversy did not exceed $75,000, the United States District Court for the Northern District of Alabama engaged in an analysis similar to that of the United States District Courts for the District of Columbia. In Blackwell v. Great American Financial Resources, Inc., 620 F.Supp.2d 1289, 1290 (N.D. Ala. 2009), the plaintiff's First Amended Complaint alleged that the defendants defrauded the plaintiff by misrepresenting a total of $400,000 in investment annuities. However, the First Amended Complaint also indicated that the defendants had returned the $400,000 principal to plaintiff. Id. Thus, the amount of compensatory damages at issue was $23,172.28 in "surrender charges" withheld because of the plaintiff's termination of the annuity contracts plus punitive damages and statutory attorney's fees. Id. The court noted that $51,827.73 represented the difference between the surrender charges and the jurisdictional amount requirement. Id. at 1291 n.4. In denying the motion to remand, the court noted that punitive damages of $51,827.73 would be only slightly more than double the compensatory damages alleged and that such an award would be "uncontroversially within the limits of the Due Process Clause." Id. at 1291.

In the circumstances of this case, plaintiff has pled the existence of compensatory damages in excess of $25,000 as to each of the counts of the petition. For jurisdictional purposes, the Court has treated the petition as stating two causes of action for independent damages for total compensatory damages in an amount in excess of $50,000. Thus, an award of punitive damages, on even one of these counts, in an amount of $25,000 would establish the requisite amount in controversy. Moreover,

a punitive damage award of $25,000, a ratio of 1 to1, would be well within the constitutional ratio accepted by other courts. Accordingly, the Court finds that when the compensatory and punitive damages, as pled in the petition, are aggregated, the amount in controversy requirement for federal diversity jurisdiction has been satisfied.

The Court's conclusion that more than $75,000 is at issue is further supported by an analysis of the jury verdict in Simpson by Simpson v. Revco Drug Centers of Missouri, Inc., 702 S.W.2d 482 (Mo. Ct. App. 1985). In Simpson, the plaintiff, a fourteen-year-old minor, sued a drug store through her next friend for false imprisonment, malicious prosecution, battery, negligent hiring and slander. Id. at 483. The plaintiff had been accused of shoplifting, detained and prosecuted, circumstances similar to those alleged in this case.[6] The jury awarded the plaintiff $25,000 in compensatory damages on both the false imprisonment and malicious prosecution claims and $100,000 in punitive damages on each claim for a total award of $250,000. Both the compensatory and punitive damage awards on the false arrest claim were affirmed, but the damage awards on the malicious prosecution claim were reversed and remanded for a new trial in light of the decision of the Missouri Supreme Court in Sanders v. Daniel International Corp., 682 S.W.2d 803 (Mo. 1984).[7] See also Forgie-Buccioni v. Hannaford Bros., Inc., 413 F.3d 175, 178, 182-183 (affirming jury award of $100,000 for claims of false imprisonment, false arrest, malicious prosecution and defamation after a store accused plaintiff of shoplifting).

---

[6]Plaintiff in this case, however, alleges that at no time did she have possession of any of defendant's merchandise. (Doc. #1-1 at ¶¶ 20-23) In Simpson, the plaintiff had put a box of diet pills in her pocket, but claimed that she intended to pay for them. 702 S.W.2d at 484.

[7]Sanders modified the elements of and instructions on actual and punitive damages in a malicious prosecution action, and the court in Simpson concluded these changes applied retroactively. 702 S.W.2d at 484-85.

C.  Other Factors Affecting the Determination of the Amount in Controversy

Both parties rely on alleged statements made during settlement negotiations to support their respective positions. While a pre-litigation settlement letter may be considered by a court in determining the amount in controversy, Gramc v. Millar Elevator Co., 3 F.Supp.2d 1082, 1084 (E.D. Mo. 1998), the mere existence of a settlement demand is not dispositive of the issue of the jurisdictional amount. See Corlew v. Denny's Rest., Inc., 983 F. Supp. 878, 880 (E.D. Mo. 1997). In this case, neither party has provided the Court with any documentation evidencing the settlement negotiations referenced in the briefing. Significantly, the parties are not in agreement as to the substance of these discussions. Defendant claims that at some point counsel for plaintiff sought $30,000 to settle the case and at another point indicated the demand could be in excess of $80,000. (Doc. #9 at 3) Plaintiff responds that counsel was merely stating that a similar case resulted in a jury verdict of $87,000, not that counsel was demanding this amount. (Doc. #11 at ¶ 3) These disputed discussions provide no basis for concluding that the jurisdictional amount requirement has not been satisfied.

Plaintiff also asserts that "as of the day of filing this Motion for Remand, all known damages are less than $75,001.00."[8] (Doc. #7 at ¶ 4 (emphasis added)) Plaintiff has not tried to enter into a binding stipulation that her damages are less than $75,000. Rather, plaintiff merely complains that the removal was an improper attempt "to pigeonhole Plaintiff into stipulating that damages are less than $75,000." (Doc. #11 at ¶ 5) Even if plaintiff had intended for the Court to interpret these statements in her motion to remand as a binding stipulation that less than $75,000 is at issue,

---

[8]The basis for removal jurisdiction is determined at the time the petition is filed rather than at the time when the notice of removal is filed. See Gillming v. Jill, 2006 WL 2246431, *2 (W.D. Mo. Aug. 4, 2006).

stipulations filed after the removal of a case are generally ineffective to defeat federal jurisdiction. See Angus v. Shiley Inc., 989 F.2d 142, 145 (3rd Cir. 1993). Exceptions may exist if no damages are pled initially or if subsequent revelations demonstrate that the required amount was not in controversy at the commencement of the action. See State Farm Mut. Auto. Ins. Co. v. Powell, 87 F. 3d 93, 97 (3rd Cir. 1996); Workman v. Kawasaki Motors Corp., 749 F. Supp. 1010 (W.D. Mo. 1990)(state court petition did not state amount of damages sought so stipulation allowed court to find with legal certainty that at time of removal amount in controversy did not exceed jurisdictional amount then required to be at issue).

### III. CONCLUSION

For the reasons set forth herein, it is

ORDERED that Plaintiff's Motion for Remand to State Court (doc. #7) is denied.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE